IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
DELTA DIVISION

**TYRONE DORN, Individually and on**                                                                                              **PLAINTIFF**
**Behalf of All Others Similarly Situated**

vs.                                                  No. 2:22-cv-73-KGB

**LENNOX INDUSTRIES, INC.**                                                                                       **DEFENDANT**

**BRIEF IN SUPPORT OF PLAINTIFF'S MOTION FOR CONDITIONAL
CERTIFICATION, FOR APPROVAL AND DISTRIBUTION OF NOTICE
AND FOR DISCLOSURE OF CONTACT INFORMATION**

## I.    INTRODUCTION

Plaintiff has alleged that Lennox Industries, Inc. ("Defendant") has a uniform policy and practice of failing to pay their hourly-paid employees proper overtime premiums for all hours worked over forty in violation of the Fair Labor Standards Act ("FLSA") and the Arkansas Minimum Wage Act ("AMWA"). Accordingly, Plaintiff requests that this Court conditionally certify a collective action pursuant to Section 216(b) of the FLSA. In addition, Plaintiff requests approval of his practical, common-sense plan for facilitating notice to potential class members. Because the clock is running against all potential opt-ins, Plaintiff requests expedited review of his Motion as described below.

## II.    ARGUMENT

### A.    This Court Should Conditionally Certify the Proposed Collective Action for Notice Purposes.

This Court should conditionally certify the proposed collective action for notice purposes. Section 1 below explains what conditional certification in an FLSA case means, what Plaintiff must prove in order to have this case conditionally certified as a "collective

Page 1 of 19
Tyrone Dorn, et al. v. Lennox Industries, Inc.
U.S.D.C. (E.D. Ark.) No. 2:22-cv-73-KGB
Brief in Support of Plaintiff's Motion for Conditional Certification

action," and why early certification and notice to the putative class is important. Section 2 describes how and why Plaintiff has met the lenient standard for conditional certification of a collective action at this stage of the case.

1. <u>Plaintiff may obtain conditional certification of a collective upon a modest factual showing that he is "similarly situated" to the other proposed collective members.</u>

In addition to suing on his own behalf, Plaintiff may obtain early conditional certification of a collective action if he makes a modest factual showing that he is "similarly situated" to other collective members. Section 216(b) of the FLSA states as follows: "An action . . . may be maintained against any employer . . . by any one or more employees for and on behalf of himself or themselves and other employees similarly situated." *See* 29 U.S.C. § 216(b).

Such actions are referred to as "collective actions," and a majority of courts have adopted a two-tiered approach to certification of collective actions.[1] *See McQuay v. Am. Int'l Group*, No. 4:01-cv-661-BRW, 2002 U.S. Dist. LEXIS 21307, at *5 (E.D. Ark. Oct. 28, 2002) (citing *Mooney v. Aramco Services Co.*, 54 F.3d 1207 (5th Cir. 1995)); *Turner v. Concentrix Servs.*, No. 1:18-cv-1072-SOH, 2020 U.S. Dist. LEXIS 16785, at *8 (W.D. Ark. Feb. 3, 2020) (noting that the two-tiered approach is the "prevailing approach").

This two-tiered approach envisions an initial "conditional certification" for notice

---

[1] A "collective action" differs from a Rule 23 class action in several respects. In a Rule 23 <u>class</u> action, "a putative class acquires an independent legal status once it is certified. Under the FLSA, by contrast, 'conditional certification' does not produce a class with an independent legal status or join additional parties to the action. The sole consequence of conditional certification is the sending of court-approved written notice to employees, who in turn become parties to a collective action only by filing written consent with the court." *Genesis Healthcare Corp. v. Symczyk*, 133 S. Ct. 1523, 1530 (2013) (citing *Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 171–72 (1989) and 29 U.S.C.S. § 216(b). Also, in *Hoffmann-La Roche*, the Supreme Court held that district courts have the discretion to certify a class and issue orders authorizing notice to potential members of a collective action of the opportunity to "opt-in" to a collective action. 493 U.S. at 169. In other words, one must "opt in" to an FLSA collective action, whereas in a Rule 23 class action class members are part of the lawsuit unless they "opt out."

Page 2 of 19
Tyrone Dorn, et al. v. Lennox Industries, Inc.
U.S.D.C. (E.D. Ark.) No. 2:22-cv-73-KGB
Brief in Support of Plaintiff's Motion for Conditional Certification

purposes early on in a case (known as the "notice stage") and then a second stage to evaluate the propriety of certification when a defendant moves for decertification following the close of discovery. *Salter v. Onyx Corp.*, No. 4:10-CV-906 JLH, 2011 U.S. Dist. LEXIS 23291, at *2 (E.D. Ark. Feb. 24, 2011); see also *Robertson v. LTS Mgmt. Servs., LLC*, 642 F. Supp. 922, 925 (W.D. Mo. 2008). This two-step certification inquiry is described in *Mooney v. Aramco Services Co.* as follows:

> The first determination is made at the so-called "notice-stage." At the notice stage, the district court makes a decision—usually based only on the pleadings and any affidavits which have been submitted—whether notice of the action should be given to potential class members.
>
> Because the court has minimal evidence, this determination is made using a fairly lenient standard, and typically results in "conditional certification" of a representative class. If the district court "conditionally certifies" the class, putative class members are given notice and the opportunity to "opt-in." The action proceeds as a representative action throughout discovery.
>
> The second determination is typically precipitated by a motion for "decertification" by the Defendant usually filed after discovery is largely complete and the matter is ready for trial. At this stage, the court has much more information on which to base its decision, and makes a factual determination on the similarly situated question. If the claimants are similarly situated, the district court allows the representative action to proceed to trial. If the claimants are not similarly situated, the district court decertifies the class, and the opt-in plaintiffs are dismissed without prejudice. The class representatives—*i.e.*, the original Plaintiffs—proceed to trial on their individual claims.

54 F.3d at 1213–14. Courts in the Eastern and Western Districts of Arkansas have followed the two-tiered approach outlined in *Mooney*. *See, e.g., Carter v. Pathfinder, Inc.*, No. 4:17-cv-459-JM, 2018 U.S. Dist. LEXIS 222554, at *2 (E.D. Ark. Sep. 11, 2018); *Watson v. Surf-Frac Wellhead Equipment Co., Inc.*, No. 4:11-cv-843-KGB, 2012 U.S. Dist. LEXIS 150968, at *2–3 (E.D. Ark. Oct. 18, 2012); *In re Pilgrim's Pride Fair Labor Stds. Act Litig.*, 2008 U.S. Dist. LEXIS 93966, at *6–9 (W.D. Ark. Mar. 13, 2008); *Freeman v.

Page 3 of 19
Tyrone Dorn, et al. v. Lennox Industries, Inc.
U.S.D.C. (E.D. Ark.) No. 2:22-cv-73-KGB
Brief in Support of Plaintiff's Motion for Conditional Certification

*Wal-Mart Stores, Inc.*, 256 F. Supp. 2d 941 (W.D. Ark. 2003).

At the notice stage, a court does not make findings on legal issues or focus on whether there has been an actual violation of the law. *Pilgrim's Pride*, 2008 U.S. Dist. LEXIS 93966, at *9. The Court also refrains from making credibility determinations or resolving contradictory evidence. *Id.* The plaintiffs' burden is "lenient" and may be met by making substantial allegations of class-wide discrimination that are supported by affidavits. *Freeman*, 256 F. Supp. 2d at 941.

Not only is fact finding as to the merits inappropriate at the notice stage, but so is fact finding as to the issue of whether the plaintiffs and other collective members are similarly situated. *See Pilgrim's Pride*, 2008 U.S. Dist. LEXIS 93966, at *9. (stating that courts do not resolve contradictory evidence). *See also, generally, Longcrier v. HL-A Co., Inc.*, 595 F. Supp. 2d 1218 (S.D. Ala. 2008). In *Longcrier v. HL-A Co., Inc.*, six plaintiffs in the Southern District of Alabama moved to certify a collective action consisting of all hourly employees who were employed by the defendant in various capacities at its automobile parts manufacturing facility at any time during the three years preceding the filing of the complaint. 595 F. Supp. 2d at 1220-21. Even with so broad a proposed collective, the court granted plaintiffs' motion for certification and court-approved notice. *Id.* at 1242.

The defendant in *Longcrier* argued that the plaintiffs were not "similarly situated" because the hourly positions held by putative collective members covered a wide range of job titles, duties, pay ranges, and supervisors. *Id.* at 1238. Over the defendant's objections, the court held that plaintiffs' declarations and complaint allegations amounted to a substantial showing that all defendant's nonexempt employees were treated similarly and

Page 4 of 19
Tyrone Dorn, et al. v. Lennox Industries, Inc.
U.S.D.C. (E.D. Ark.) No. 2:22-cv-73-KGB
**Brief in Support of Plaintiff's Motion for Conditional Certification**

were subject to the same pay practices and policies with regard to "off-the-clock" work, rounding hours, and unpaid work during meal breaks. *Id.*

Importantly, the court further explained how factual disputes over the "similarly situated" requirement should be resolved at the second stage:

> At most, Defendant's evidence may create disputes of fact as to whether all hourly employees are or are not subject to the same policies. Those factual disputes may properly be addressed after discovery at the second stage of the FLSA collective action process . . . , but they do not constitute a valid basis for denying conditional class certification today.

*Id.* (citing *Carmody v. Florida Ctr. For Recovery, Inc.*, No. 05-14295, 2006 U.S. Dist. LEXIS 81640, at *4 (S.D. Fla. Nov. 7, 2006) (explaining that it would be improper to engage in fact-finding to determine conclusively as to whether the putative plaintiffs are similarly situated, where pleadings and supporting affidavits alleged facts sufficient to satisfy conditional certification inquiry)).

Because of this lenient standard, and because courts do not resolve disputes of fact at this stage, courts regularly grant conditional certification based solely upon a plaintiff's complaint and supporting affidavits. *See Littlefield v. Dealer Warranty Services, LLC*, 679 F. Supp. 2d 1014, 1017 (E.D. Mo. 2010) ("In a typical case, the court decides whether to conditionally certify a class based solely on the plaintiffs' affidavits."); *Parker v. Rowland Express, Inc.*, 492 F. Supp. 2d 1159, 1164 (D. Minn. 2007) ("At the notice stage, the district court makes a decision—usually based only on the pleadings and any affidavits which have been submitted—whether notice of the action should be given to potential class members."); *Resendiz-Ramirez v. P & H Forestry, LLC*, 515 F. Supp. 2d 937, 940 (W.D. Ark. 2007); *Craven v. Neeley's Serv. Ctr.*, No. 4:19-cv-4115-SOH, 2020 U.S. Dist.

Page 5 of 19
Tyrone Dorn, et al. v. Lennox Industries, Inc.
U.S.D.C. (E.D. Ark.) No. 2:22-cv-73-KGB
Brief in Support of Plaintiff's Motion for Conditional Certification

LEXIS 74112, at *7-8 (W.D. Ark. Apr. 28, 2020) (certifying a collective based on a single declaration).

Further, plaintiffs need not show that their position is identical to the putative collective members' positions, only that their position is similar to those of the absent collective members. *Freeman*, 256 F. Supp. 2d at 945 (citing *Grayson v. K Mart Corp.*, 79 F.3d 1086, 1096 (11th Cir. 1996)). The "similarly situated" determination requires only a modest factual showing. *Perez-Benites v. Candy Brand, LLC*, No. 07-cv-1048, 2008 U.S. Dist. LEXIS 91402, at *3 (W.D. Ark. Oct. 31, 2008). Plaintiffs may satisfy the similarly situated requirement by showing that the plaintiffs and putative members were victims of a common decision, policy, or plan of the employer that affected all class members in a similar fashion. *Smith v. Frac Tech Services, Ltd.*, 4:09-cv-679-JLH, 2009 U.S. Dist. LEXIS 109930, at *13 (E.D. Ark. Nov. 24, 2009) (*citing Resendiz-Ramirez*, 515 F. Supp. 2d at 937); *Kautsch v. Premier Communications*, 504 F. Supp. 2d 685 (W.D. Mo. 2007)); *see also Thiessen v. GE Capital Corp.*, 267 F.3d 1095, 1102 (10th Cir. 2001) (first-round "similarly situated" determination "requires nothing more than substantial allegations that the putative class members were together the victims of a single decision, policy, or plan.").

Notably, several courts in the Eastern District of Arkansas have granted conditional certification of a collective of employees against defendants when only one plaintiff appeared at the beginning of the case. The Honorable Leon Holmes granted conditional certification in a single-plaintiff case, holding that "[t]he undersigned does not require plaintiffs in a Fair Labor Standards Act case to establish that other potential class members desire to opt in." *Adams et al. v. United Cerebral Palsy of Central Arkansas,*

Page 6 of 19
Tyrone Dorn, et al. v. Lennox Industries, Inc.
U.S.D.C. (E.D. Ark.) No. 2:22-cv-73-KGB
Brief in Support of Plaintiff's Motion for Conditional Certification

*Inc., et al.*, No. 4:16-cv-930-JLH, 2017 U.S. Dist. LEXIS 177470 at *3-4 (E.D. Ark. Dec. 28, 2016). Similarly, this Court granted conditional certification of a collective in a single-plaintiff case, holding that "[plaintiff] does not have the burden of offering evidence that other employees are interested in joining his proposed class as a prerequisite for conditional certification" in those circumstances. *Lamar, et al. v. Lacy One, LLC, et al.*, 4:16-cv-135-KGB (E.D. Ark. March 9, 2016). It simply is not required that there be more than one plaintiff to initiate a conditional collective action under Section 216 of the FLSA. Indeed, the purposes of the certification process are best served when one or a few vocal employees assert rights on behalf of the larger group against the defendant.

In general, the benefits of the two-tiered approach from *Mooney* are best realized when certification and notice are granted as soon as possible at the beginning of the case, prior to discovery. The second decertification stage mitigates the breadth and leniency of the first stage by allowing for decertification if it turns out, after discovery is completed, that the collective is not sufficiently similar to allow for an efficient adjudication of material, common issues and facts.

2. <u>This Court should conditionally certify the collective proposed by Plaintiff.</u>

This case is at the notice stage and is subject to the lenient standard of proof. The pleadings and attached exhibits contain an abundance of information supporting Plaintiff's claim that there are other individuals similarly situated. Plaintiff represents a group of employees who worked for Defendants as hourly-paid employees (collectively "Hourly Employees"). Every Hourly Employee was subject to Defendants' universal practices, which violated the FLSA, among other laws.

Defendants employ Hourly Employees to perform the work necessary to its

Page 7 of 19
Tyrone Dorn, et al. v. Lennox Industries, Inc.
U.S.D.C. (E.D. Ark.) No. 2:22-cv-73-KGB
Brief in Support of Plaintiff's Motion for Conditional Certification

business. Ex. 6, Declaration of Tyrone Dorn ("Decl. Dorn"), ¶ 5; Ex. 7, Declaration of Tonya Smith ("Decl. Smith"), ¶ 5 (collectively "Both Decs"). Defendant provides climate control products for the heating, ventilation, air conditioning, and refrigeration markets. All Decs. ¶ 4. Plaintiff Dorn and Opt-In Plaintiff Smith (collectively "Plaintiffs") worked as Hourly Employees within the three years preceding the filing of this lawsuit. Both Decs. ¶ 3.

In addition to their hourly wages, Plaintiffs and other Hourly Employees received bonuses related to attendance. Both Decs. ¶ 6. The attendance bonuses are based on objective and measurable criteria, namely, Plaintiffs and other Hourly Employees receive attendance bonuses at regular intervals if they are on time each day and miss no days of work. Both Decs. ¶ 7. Plaintiffs received hourly wages and bonuses, and both were regular parts of their compensation. Both Decs. ¶ 8. Defendant informs its Hourly Employees of the attendance bonuses upon hiring because the bonuses are part of Defendant's compensation package. Both Decs. ¶ 9. Plaintiffs and other Hourly Employees expect to receive the attendance bonuses when they meet the required criteria and do in fact receive the bonuses on a regular basis. *Id.*

Defendant kept track of Hourly Employees' work time with electronic time clocks. Both Decs. ¶ 10. Plaintiffs and other Hourly Employees worked similar schedules and regularly worked over 40 hours per week because the volume of work assigned to them could rarely be done in less than 40 hours a week. Both Decs. ¶ 11. Defendant did not include the attendance bonuses that were paid to Plaintiffs and other Hourly Employees in their regular rates when calculating their overtime pay even though they received bonuses in pay periods in which they also worked in excess of forty hours per week. Both Decs. ¶ 12. Plaintiffs' and other Hourly Employees' pay was calculated uniformly using

**Page 8 of 19**
**Tyrone Dorn, et al. v. Lennox Industries, Inc.**
**U.S.D.C. (E.D. Ark.) No. 2:22-cv-73-KGB**
**Brief in Support of Plaintiff's Motion for Conditional Certification**

the same payroll system. *Id.*

As a result, Defendant did not pay Plaintiffs or other Hourly Employees sufficient overtime premiums in weeks when they received bonuses in connection with work performed in weeks when they worked over 40 hours. Both Decs. ¶ 13. Upon information and belief, the pay practices described herein applied to all Hourly Employees at each of Defendant's locations because they were all uniformly managed from a centralized human resources office. Both Decs. ¶ 14. Based on the number of Hourly Employees who worked with Plaintiffs and the number of locations Plaintiffs believe Defendant has, Plaintiffs estimate that there are 100 or more Hourly Employees like them who worked overtime for Defendant and received bonuses on top of their hourly pay during the last three years. Both Decs. ¶ 15. Based on Plaintiffs' experience and knowledge of the other Hourly Employees and the way they were paid, Plaintiffs believe that there would be others who would want to join this lawsuit if they were made aware of the opportunity to join the lawsuit. Both Decs. ¶ 16.

In sum, Plaintiff and the collective members were all subject to the same pay practices and procedures which resulted in the violations of the FLSA alleged by Plaintiff. These initial facts are more than sufficient to meet Plaintiff's lenient burden to show that the potential class members are similarly situated. Furthermore, this case already has three Opt-in Plaintiffs, clearly demonstrating there are multiple employees interested in joining, even prior to receipt of notice. Therefore, this Court should certify the proposed collective proposed by Plaintiff and make appropriate orders for notice.

**Page 9 of 19**
**Tyrone Dorn, et al. v. Lennox Industries, Inc.**
**U.S.D.C. (E.D. Ark.) No. 2:22-cv-73-KGB**
**Brief in Support of Plaintiff's Motion for Conditional Certification**

**B.     This Court Should Approve Plaintiff's Proposed Collective Action Notice and Consent Forms, Grant Leave for Plaintiff to Send Notice and a Reminder Postcard via U.S. Mail and E-Mail, and Order Defendants to Provide Contact Information for the Collective.**

After the Court grants conditional certification for notice purposes, the Court will need to make decisions about how to facilitate notice. For the reasons given below, Plaintiff requests that the Court (1) approve the form and content of Plaintiff's proposed Notice, Ex. 1, and Consent form, Ex. 2, for distribution to members of the collective via U.S. Mail; (2) approve the form and content of the email messages to be sent to members of the collective, Ex. 3; (3) approve the form and content of Plaintiff's proposed second notice to be sent to members of the collective, Ex. 4; (4) order Defendant to provide the relevant contact information of potential members of the collective; and (5) grant a period of ninety days in which to distribute the Notice and Consents and allow for opt-in plaintiffs to file Consents to Join.

1. <u>The form and scope of Plaintiff's proposed notice is appropriate.</u>

In furtherance of the FLSA's "broad remedial" purpose, courts have the authority to notify potential opt-in plaintiffs that they may join an existing action early in the proceedings. *Hoffmann-La Roche, Inc. v. Sperling,* 493 U.S. 165, 173 (1989); *See also Tyson Foods, Inc. v. Bouaphakeo*, 136 S.Ct. 1036, 1047 (Mar. 22, 2016); *Hussein v. Capital Bldg. Servs. Grp., Inc.,* 152 F. Supp. 3d 1182, 1190 (D. Minn. 2015). A district court "has broad discretion regarding the 'details' of the notice sent to potential opt-in plaintiffs." *Butler v. DirectSat USA, LLC*, 876 F. Supp. 2d 560, 574 (D. Md. 2012). Notice informs potential plaintiffs "of the facts needed to make an informed decision whether to opt-in." *Fisher v. Michigan Bell Telephone Company*, 665 F. Supp. 2d 819, 829 (E.D. Mich. 2009).

Page 10 of 19
Tyrone Dorn, et al. v. Lennox Industries, Inc.
U.S.D.C. (E.D. Ark.) No. 2:22-cv-73-KGB
Brief in Support of Plaintiff's Motion for Conditional Certification

While there are no well-defined rules for the form of notice, the general requirement is that the notice must be fair and accurate. *See e.g., id.; Heckler v. DK Funding, LLC*, 502 F. Supp. 2d 777, 780 (N.D. Ill 2007).

Further, courts should exercise their broad discretion to facilitate notice in a way that reaches the largest possible number of potential opt-in plaintiffs. *See Perrin v. Papa John's Int'l, Inc.*, No. 4:09-cv-1335-AGF, 2011 U.S. Dist. LEXIS 117046, at *5 (E.D. Mo. Oct. 11, 2011) ("The better course is to determine what constitutes fair and proper notice based on the facts of each case...At this stage of the litigation, justice is most readily served by notice reaching the largest number of potential plaintiffs." (internal citations and quotation marks omitted)).

Plaintiff's proposed FLSA collective action notice, Ex. 1, provides potential opt-in plaintiffs with an accurate description of this lawsuit, their legal rights, and the process for participating in the case. The notice is nearly identical to collective action notices that this Court has approved, and substantially similar to collective action notices that have been distributed in numerous other collective actions. *See, e.g., Craven*, 2020 U.S. Dist. LEXIS 74112, at *12; *Casarez v. Producers Serv. Corp.*, No. 2:17-cv-1086, 2018 U.S. Dist. LEXIS 88370, at *21 (S.D. Ohio May 25, 2018); *Adams*, 2017 U.S. Dist. LEXIS 177470, at *3. It should be approved. *See Hoffmann-La Roche*, 493 U.S. at 172, 174 (explaining that employees should receive "accurate and timely notice concerning the pendency of the collective action, so that they can make informed decisions about whether to participate," and that notice should "respect judicial neutrality . . . tak[ing] care to avoid even the appearance of judicial endorsement of the merits of the action.").

Plaintiff asks this Court for approval to send notice to all individuals who worked

Page 11 of 19
Tyrone Dorn, et al. v. Lennox Industries, Inc.
U.S.D.C. (E.D. Ark.) No. 2:22-cv-73-KGB
Brief in Support of Plaintiff's Motion for Conditional Certification

as Hourly Employees for Defendant at any time since May 3, 2019, which includes the three years preceding the filing of Plaintiff's Complaint. This captures every qualified worker who could potentially fall within the maximum three-year statute of limitations under the FLSA. Furthermore, this keeps the door open for this Court to grant equitable tolling to some or all potential plaintiffs if the facts support it.[2] To facilitate this request, Plaintiff requests approval of Plaintiff's proposed notice-related documents, method of distribution, and 90-day opt-in period, as set forth below.

2. <u>Distribution of collective action notices by paper and electronic means is becoming standard.</u>

Because in recent years electronic communications have become more reliable than traditional mail as a means of reaching collective action members, Plaintiff asks the Court to authorize distribution of notice using a combination of traditional and electronic methods. Specifically, Plaintiff proposes to send notice to potential plaintiffs via U.S. Mail and email and to send a follow-up email after thirty days. Electronic distribution of collective action notices is "in line with the current nationwide trend. Moreover, it advances the remedial purpose of the FLSA, because service of the notice by two separate methods increases the likelihood that all potential opt-in plaintiffs will receive notice of the lawsuit, and of their opportunity to participate." *Atkinson v. TeleTech Holdings, Inc.*, No. 3:14-cv-253, 2015 U.S. Dist. LEXIS 23630, at *12 (S.D. Ohio Feb. 26, 2015). *See also Butler v.*

---

[2] The doctrine of equitable tolling can, under the right circumstances, toll the statute of limitations in FLSA cases. *See, e.g., De Lopez v. Ozark Mt. Poultry, Inc.*, No. 5:13-CV-05272, 2014 U.S. Dist. LEXIS 201949, at *12-13 (W.D. Ark. June 17, 2014) (granting equitable tolling where there was a long period of time between filing of motion for collective action and the order granting the motion); *Whitworth v. French Quarters Partners, LLC*, No. 6:13-CV-6003, 2013 U.S. Dist. LEXIS 202768, at *10 (W.D. Ark. July 31, 2013); *see also, Hughes v. Region VII Area Agency on Aging*, 542 F.3d 169 (6th Cir. 2008); *Adams v. Tyson Foods, Inc.*, No. 07-CV-4019, 2007 U.S. Dist. LEXIS 38511 (W.D. Ark. May 25, 2007). Indeed, courts have held that the equitable tolling doctrine "is read into every federal statute of limitation." *Kamens v. Summit Stainless, Inc.*, 586 F. Supp. 324, 328 (E.D. Penn. 1984) (quoting *Holmberg v. Armbrecht*, 327 U.S. 392, 397 (1946)).

Page 12 of 19
Tyrone Dorn, et al. v. Lennox Industries, Inc.
U.S.D.C. (E.D. Ark.) No. 2:22-cv-73-KGB
Brief in Support of Plaintiff's Motion for Conditional Certification

*DirectSat USA, LLC*, 876 F. Supp. 2d 560, 575 (D. Md. 2012) ("With regard to [plaintiff's request to use] email to notify potential plaintiffs of this litigation, communication through email is now the norm.") (internal editing and quotation marks omitted); *Gronefeld v. Integrated Prod. Servs.*, No. 5:16-CV-55, 2016 U.S. Dist. LEXIS 192476, at *17-18 (W.D. Tex. Apr. 26, 2016) ("email is not the wave of the future; it is the wave of the last decade and a half.") (internal editing marks omitted). In some cases, Courts have endorsed notice via three or more methods at once. In *Irvine v. Destination Wild Dunes Mgmt.*, the Court reasoned as follows:

> The request that notice be distributed via direct mail, email and text messaging appears eminently reasonable to the Court. This has become a much more mobile society with one's email address and cell phone number serving as the most consistent and reliable method of communication. Political candidates now routinely seek out their supporters' cell phone numbers and email addresses because traditional methods of communication via regular mail and land line telephone numbers quickly become obsolete.

132 F. Supp. 3d 707, 711 (D.S.C. 2015).

Distribution of Notice via email avoids many of the delivery problems that result from distributing Notice via U.S. Mail alone. *See* Ex. 5, Decl. of Josh Sanford ("Sanford Decl.") ¶¶ 5–14. In counsel's experience, Notices (and even Consents) in other cases have been lost even when the addresses were correct. *Id.* at ¶¶ 6-10. Plaintiff's counsel has received telephone calls from recipients of follow-up postcards who did not receive the original notice. *Id.* at ¶ 11. Using email as a means of distributing notice helps alleviate these problems. Unlike traditional mail, email messages do not get "lost in the mail." Email is nearly instantaneous and often provides the sender with immediate feedback if the message is undeliverable. Email addresses are also "portable" in the sense that, although a person's physical address changes when he or she relocates residences, the person

Page 13 of 19
Tyrone Dorn, et al. v. Lennox Industries, Inc.
U.S.D.C. (E.D. Ark.) No. 2:22-cv-73-KGB
**Brief in Support of Plaintiff's Motion for Conditional Certification**

can and often does maintain his or her same email address. All of these facts increase the likelihood that notice will actually be received by the collective member. In sum, notice by email furthers the purpose of sending out the notice by traditional U.S. Mail: giving the collective members actual notice of these proceedings so that they can make an informed decision about whether to participate. This Court should approve of Plaintiff's proposed procedure for disseminating notice by email, which is simple and easy for the Court to monitor. Plaintiff's proposed email text (Ex. 3) simply directs the recipient to the attached court-approved Notice and provides a link to www.docusign.com or an equivalent online signature service,[3] where the recipient can access an electronic version of the Consent to Join (Ex. 2). The text also gives instructions for signing the Consent electronically to avoid some minor but common mistakes. Putative collective members who wish to join the lawsuit can then choose to print, sign, and return a paper copy of the Consent to Join form or electronically sign the Consent to Join form using the electronic signature service. This is similar to the process approved by Arkansas district courts in *Turner v. Concentrix Servs.*, No. 1:18-cv-1072, 2020 U.S. Dist. LEXIS 16785, at *23 (W.D. Ark. Feb. 3, 2020); and *Berry v. Razor's Edge Pizza, Inc.*, No. 4:19-cv-6-JM, 2019 U.S. Dist. LEXIS 221296, at *6-7 (E.D. Ark. Sep. 13, 2019).

   3. <u>This Court should approve of the sending of a Follow-Up Email or Postcard thirty (30) days after Notice is sent.</u>

Plaintiff requests permission to send a follow-up notice 30 days after the first Notice is mailed. The follow-up notice will be in the form of a reminder email (Exhibit 3) or, if

---

[3] More information about DocuSign is available at https://www.docusign.com. Many courts have already approved of the use of electronic signatures generally. *See Dyson v. Stuart Petroleum Testers, Inc.*, 308 F.R.D. 510, 518 (W.D. Tex. 2015); *White v. Integrated Elec. Techs., Inc.*, No. 11-2186, 2013 U.S. Dist. LEXIS 83298, at *39 (E.D. La. June 13, 2013); *Jones v. JGC Dall. LLC*, Civil Action No. 3:11-CV-2743-O, 2012 U.S. Dist. LEXIS 185042, at *18 (N.D. Tex. Nov. 29, 2012).

Page 14 of 19
Tyrone Dorn, et al. v. Lennox Industries, Inc.
U.S.D.C. (E.D. Ark.) No. 2:22-cv-73-KGB
**Brief in Support of Plaintiff's Motion for Conditional Certification**

Defendant does not have working email addresses for the collective members or the Court simply prefers an all-paper notice process, a reminder postcard (Exhibit 4). Because of the aforementioned issues with notice delivery by U.S. Mail, Plaintiff's request is fair, reasonable and calculated to meet the goal of distributing notice, which is to actually notify putative class members of the litigation and permit a reasonable opportunity to join. Allowing Plaintiff's counsel to send the follow-up email or postcard provides a fair and equitable solution to ensure that all members of the proposed collective who want to join the lawsuit are able to, including ensuring that collective members whose consents to join were mailed (or electronically submitted) but not received are made aware of this fact. *See* Decl. Sanford at ¶ 16. District courts in the Eighth Circuit regularly approve of reminder notices. *See, e.g., Turner*, 2020 U.S. Dist. LEXIS 16785, at *25; *Berry*, 2019 U.S. Dist. LEXIS 221296, at *7; *Coates v. Dassault Falcon Jet Corp.*, No. 4:17-cv-372-JLH, 2017 U.S. Dist. LEXIS 192345, at *12 (E.D. Ark. Nov. 21, 2017); *De Lopez v. Ozark Mt. Poultry, Inc.*, No. 5:13-cv-5272, 2014 U.S. Dist. LEXIS 201949, *12 (W.D. Ark. June 17, 2014); *Harger v. Fairway Mgmt.*, 2016 U.S. Dist. LEXIS 74373, *12 (W.D. Mo. June 8, 2016).

    4. <u>Ninety days is a common and reasonable opt-in period.</u>

Plaintiff requests a period of 90 days during which to distribute notice and file opt-in plaintiffs' consent forms with the Court. "Notice periods may vary, but numerous courts around the country have authorized ninety-day opt-in periods for collective actions." *Butler v. DirectSat USA, LLC*, 876 F. Supp. 2d 560, 575 (D. Md. 2012); *see also Turner*, 2020 U.S. Dist. LEXIS 16785, at *27 (granting a ninety-day opt-in period); *Teramura v. Walgreen Co.*, No. 5:12-cv-05244-JLH, 2013 U.S. Dist. LEXIS 196027, *11 (W.D. Ark.

Page 15 of 19
Tyrone Dorn, et al. v. Lennox Industries, Inc.
U.S.D.C. (E.D. Ark.) No. 2:22-cv-73-KGB
Brief in Support of Plaintiff's Motion for Conditional Certification

Mar. 7, 2013) (same); *Watson v. Surf-Frac Wellhead Equipment Co., Inc.*, No. 4:11-cv843-KGB, 2012 U.S. Dist. LEXIS 150968, at *10 (E.D. Ark. Oct. 18, 2012) (same). Many of the potential collective members may have current addresses and phone numbers that differ from Defendant's records, and a ninety-day opt-in period will allow a reasonable time for Plaintiff's counsel to deal with returned mail and get notices to their intended recipients.

5. <u>This Court should order Defendant to provide names and last known mailing addresses in an electronically manipulable format.</u>

To facilitate the sending of the Notice and Consent to Join, this Court should order Defendant to provide names and contact information for collective members. *Hoffmann-La Roche*, 493 U.S. 165, 170 (1989). Plaintiff asks this Court to provide for the following information no later than seven days after entry of an Order certifying this case as a collective action for each individual who meets the collective definition: (1) name, including any aliases he or she may have gone by or goes by now; (2) last known mailing address; and (3) any and all email addresses of which Defendant is aware, whether personal or employer-sponsored. This information is in Defendant's possession, not Plaintiff's, and it is standard practice for courts to order the disclosure of such information in collective actions. *See, e.g., Turner*, 2020 U.S. Dist. LEXIS 16785, at *27; *Bradley v. Crittenden Cty.*, No. 3:18-cv-29-DPM, 2018 U.S. Dist. LEXIS 188771, at *3 (E.D. Ark. Oct. 5, 2018). Plaintiff requests that this Court direct Defendant to provide this information in a manipulable electronic format such as Microsoft Word or Excel. Any other manner of providing the contact information will only result in unnecessary delay and expense.

### III.    EXPEDITED REVIEW REQUESTED

Plaintiff requests expedited consideration of the certification motion. Plaintiffs in

Page 16 of 19
Tyrone Dorn, et al. v. Lennox Industries, Inc.
U.S.D.C. (E.D. Ark.) No. 2:22-cv-73-KGB
Brief in Support of Plaintiff's Motion for Conditional Certification

collective actions are entitled to such treatment. *Adams*, 2017 U.S. Dist. LEXIS 177470, at *3 ("Because this case needs to be expedited, the Court will not write a lengthy opinion discussing the law of conditional certification."). The Honorable Brian Miller recently expedited a decision to certify a collective just three days after the end of certification briefing. *Olsen v. Clay Cty.*, No. 3:18-CV-00129 BSM, 2018 U.S. Dist. LEXIS 194866 (E.D. Ark. Nov. 15, 2018). "Sending notice to potential collective members early in a case facilitates the broad remedial purpose of the FLSA and promotes efficient case management." *Boudreaux v. Schlumberger Tech. Corp.*, No. 6:14-2267, 2015 U.S. Dist. LEXIS 22870 (W.D. La., Feb. 25, 2015). In FLSA collective actions—unlike Rule 23 class actions—the statute of limitations for the FLSA claims of potential opt-in plaintiffs is not tolled by a plaintiff's initial filing of the complaint absent a Court order. 29 U.S.C. § 256(b). Thus, delay in disseminating notice to potential plaintiffs can prejudice their rights. *See Gortat v. Capala Bros., Inc.*, No. 07-cv-3629, 2010 WL 1423018, at *9 (E.D.N.Y. Apr. 9, 2010) ("Because the statute of limitations for FLSA claims continues to run for each individual plaintiff until he or she opts in . . . early certification and notice are favored in order to protect plaintiffs' rights."); *Smith v. Lowe's Companies, Inc.*, No. 2:04-cv-774, 2005 WL 6742234, at *3–4 (S.D. Ohio May 11, 2005) (Because "statute of limitations period continues to run against each potential collective member . . . it is widely accepted that, at the notice stage . . . the plaintiff's burden . . . is *extremely light.*") (emphasis added).

### IV.     CONCLUSION

Plaintiff has met the lenient burden imposed at the conditional certification stage. Because Defendant's policies that underlie Plaintiff's allegations of FLSA violations are the same for Plaintiff and all of the collective members, Plaintiff and the collective

Page 17 of 19
Tyrone Dorn, et al. v. Lennox Industries, Inc.
U.S.D.C. (E.D. Ark.) No. 2:22-cv-73-KGB
Brief in Support of Plaintiff's Motion for Conditional Certification

members are similarly situated as victims of a common decision, policy, or plan of the employer that affected all collective members in a similar fashion. Accordingly, the Court should certify the collective as requested by Plaintiff. For the foregoing reasons, Plaintiff respectfully requests that this Court conditionally certify this case as a collective action on behalf of all Hourly Employees employed by Defendant since May 3, 2019, and that the Court adopt the following notice plan:

| DATE | EVENT |
|---|---|
| **7 Days from Order Approving Notice to Collective Members** | Defendant to produce the names and last known addresses, and last known email addresses of the Collective Members in a usable electronic format. |
| **7 Days from the date that Defendants produce Collective Members' contact information** | Plaintiff's Counsel to send by U.S. Mail and email a copy of the Court-approved Notice and Consent Form to the Collective Members. |
| **90 Days from the date Notice is sent to Collective Members** | The Collective Members shall have 90 days to return their signed Consent forms for filing with the Court. |
| **30 Days from the date Notice is sent to Collective Members** | Plaintiff's Counsel is authorized to send a follow-up notice by email or postcard to those Collective Members who did not respond to the mailed notice. |

**Page 18 of 19**
**Tyrone Dorn, et al. v. Lennox Industries, Inc.**
**U.S.D.C. (E.D. Ark.) No. 2:22-cv-73-KGB**
**Brief in Support of Plaintiff's Motion for Conditional Certification**

Respectfully submitted,

**TYRONE DORN, Individually
and on Behalf of All Others
Similarly Situated, PLAINTIFF**

SANFORD LAW FIRM, PLLC
Kirkpatrick Plaza
10800 Financial Centre Pkwy, Suite 510
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

Patrick Wilson
Ark. Bar No. 2021311
patrick@sanfordlawfirm.com

Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com

**Page 19 of 19
Tyrone Dorn, et al. v. Lennox Industries, Inc.
U.S.D.C. (E.D. Ark.) No. 2:22-cv-73-KGB
Brief in Support of Plaintiff's Motion for Conditional Certification**